# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD JOSEPH PAYNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:10-cv-128 |
| ) | |
| SUPERINTENDENT PITKINS, *et al.*, ) | Judge Kim R. Gibson |
| ) | Magistrate Judge Cathy Bissoon |
| Defendants. ) | |
| ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendants Dr. Robinson and Dr. Salamae's Motion to Dismiss (Doc. 11) be granted, and that Defendant Superintendent Pitkins's Motion to Dismiss (Doc. 15) be granted, as discussed below.

### II. REPORT

**BACKGROUND**

Plaintiff Ronald Joseph Payne, a former inmate at the Pennsylvania State Correctional Institution – Laurel Highlands ("SCI – Laurel Highlands"), broke his arm on May 17, 2008, when he slipped and fell while working at the pot sink at SCI – Laurel Highlands. See Official Inmate Grievance (Doc. 15-1 at 3); Pl.'s Response to Motions to Dismiss (Doc. 17 at 1). Plaintiff alleges that his arm was broken for five months, until he had surgery on October 17, 2008. Official Inmate Grievance (Doc 15-1 at 3).

On September 8, 2009, Plaintiff filed an Official Inmate Grievance with the Pennsylvania Department of Corrections ("DOC") regarding breaking his arm and the alleged delay in providing proper treatment. Doc. 15-1 at 3. DOC rejected Plaintiff's grievance on September 9,

2009, because it was not submitted within 15 working days after the events upon which Plaintiff's claims were based, as required by DOC policy.

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 against Superintendent Pitkins, Dr. Salamae, and Dr. Robinson, seeking compensation for pain and suffering. See Compl. (Doc. 5). All Defendants have moved to dismiss Plaintiff's complaint because of Plaintiff's failure to exhaust administrative remedies. Defendants Salamae and Robinson further assert that Plaintiff has failed to allege that they acted with deliberate indifference to a serious medical need, as required for an Eighth Amendment claim. Defendant Pitkins further asserts that Plaintiff has failed to allege any personal involvement of Defendant Pitkins in the alleged wrongdoing.

Because Plaintiff has failed to exhaust his administrative remedies, as explained below, the Court need not consider the additional arguments raised by Defendants.

## ANALYSIS

### A. Failure to Exhaust Administrative Remedies

Under the Prisoner Litigation Reform Act ("PLRA"), the mandatory exhaustion requirement mandates the following:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Before filing a civil action, a prisoner-plaintiff must exhaust his administrative remedies. Booth v. Churner, 206 F.3d 289, 300 (3d Cir. 2000), aff'd, 532 U.S. 731 (2001).

The PLRA requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . ."). This is the functional equivalent of the procedural default requirement in the habeas context. Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004). Because exhaustion is an affirmative defense, it must be proven by the party asserting it. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

The Pennsylvania Department of Corrections Consolidated Inmate Review System provides for three levels of administrative review of inmate grievances: (1) the initial grievance is submitted to the Facility Grievance Coordinator within 15 working days of the events upon which the claims are based; (2) an intermediate level of appeal lies to the Facility Manager; and (3) a final appeal must be sent to the Secretary's Office of Inmate Grievances and Appeals. Dep't of Corrections Policy Statement, DC-ADM 804 Part VI (Feb. 25, 2002);[1] see also Quinn v. Dietman, No. 10-4136, 2011 WL 522953, at *2 (3d Cir. Feb. 15, 2011) (summarizing Pennsylvania inmate grievance procedures).

Given that the exhaustion issue turns on the indisputably authentic documents related to Plaintiff's grievances, those documents may be considered without converting Defendants' motions to dismiss to motions for summary judgment. Spruill, 372 F.3d at 223. In this case, Plaintiff filed his grievance on September 8, 2009, "[a]fter long deliberations." (Doc. 15-1). Even assuming that Plaintiff's obligation to file a grievance was not triggered until his October

---

[1] The February 25, 2002, version of DC-ADM 804 was in effect when Plaintiff broke his arm in 2008 and when he filed his grievance in 2009. This 2002 version was superseded on December 8, 2010. See DC-ADM 804 Part VIII.A.1 (Dec. 1, 2010).

- 3 -

17, 2008 surgery, his grievance was filed nearly eleven months later – well beyond the 15 working day deadline for filing a grievance.

Further, Plaintiff did not appeal the rejection of his initial grievance. Plaintiff admits in his complaint that he did not follow each step of the administrative procedures available to resolve the issues raised in the complaint, explaining that "after I sent grievance and it was sent back with no reply and no reply from letter it was futile." Compl. at 3 (Doc. 5). Plaintiff, therefore, concedes that he did not appeal the rejection of his grievance because he thought an appeal would be futile. There is, however, no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) (citing Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000)). Further, a plaintiff's "failure to even attempt compliance with the grievance procedures cannot be sufficiently substantial to act as an excuse." Keys v. Craig, 160 Fed. Appx. 125, 126 (3d Cir. 2005). As noted above, Plaintiff's failure to comply with his prison's procedural rules for filing administrative appeals results in a procedural default barring his claims in federal court. Spruill, 372 F.3d at 228-29.

**B.** **Equitable Tolling**

In response to Defendants' motions to dismiss, Plaintiff does not dispute that he failed to exhaust his administrative remedies. Pl.'s Response (Doc. 17).[2] Plaintiff instead appears to suggest that equitable tolling should apply to excuse the late filing of his grievance. See Pl.'s Response at 1, 3 (Doc. 17). Equitable tolling is an extraordinary remedy to be provided sparingly, and only in situations "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has

---

[2] Plaintiff filed an untitled document (Doc. 17) with the Court on October 8, 2010. The document was docketed as a "Supplement." The undersigned treats that document as Plaintiff's Response to Defendants' motions to dismiss.

- 4 -

been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994) (citing Sch. Dist. of City of Allentown v. Marshall, 657 F.2d 16, 19-20 (3d Cir. 1981)); see also LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005). Equitable tolling is appropriate only where it is "demanded by sound legal principles as well as the interests of justice." LaCava, 398 F.3d at 271 (internal quotes and citations omitted).

Even assuming, without deciding, that equitable tolling would be appropriate, Plaintiff still filed his grievance well beyond the 15 working day deadline. Plaintiff asserts that he "was denied his property for 60 days and was denied his commissary for 2 weeks, so in the time he was denied his ability to begin the grievance process . . . ." Pl.'s Response at 1 (Doc. 17). Plaintiff does not mention when this 60-day period and 2-week period occurred. Even assuming the 60-day period and 2-week period occurred consecutively after his October 17, 2008 surgery, and assuming his obligation to file a grievance was not triggered until he had his surgery, his deadline for filing a grievance would have been sometime in January 2009. Plaintiff did not file his grievance until September 8, 2009. Further, equitable tolling would not excuse Plaintiff's failure to appeal the rejection of his grievance. Thus, Plaintiff has failed to properly exhaust his administrative remedies even if equitable tolling applied to his claim.

**CONCLUSION**

For all of the reasons stated above, it is respectfully recommended that Defendants Dr. Robinson and Dr. Salamae's Motion to Dismiss (Doc. 11) be granted, and that Defendant Superintendent Pitkins's Motion to Dismiss (Doc. 15) be granted. Because Plaintiff failed to exhaust his administrative remedies, the undersigned has not considered the additional arguments raised by Defendants.

It is clear from the face of the complaint and the documents related to Plaintiff's grievance that Plaintiff was well outside of the window during which he could have cured his procedural default on the date that he first submitted his complaint to this Court. As such, any attempted amendment of the claims raised in this lawsuit would be futile, and the dismissal should be with prejudice. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1) (B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation must be filed by June 10, 2011. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Responses to objections are due by June 24, 2011.

s/ Cathy Bissoon<br>
Cathy Bissoon<br>
U.S. Magistrate Judge

May 27, 2011

cc:

Ronald Joseph Payne (via U.S. Mail)
All attorneys of record (via CM/ECF e-mail).